Good morning, Your Honors, and may it please the Court, Eric Chomsky representing EMC. Your Honors, this is a case in which the Board simply got things wrong in a pretty fundamental way. It looked at each reference, Allen and Barnett, individually, and in doing so, it failed to each of them. There were two elements at issue in the final written decision, when a likely solution cannot be determined, and a problem in a computer system. If I could just interrupt a moment, this seems like a very odd case to me, because it's really your appeal seems based on the fact that the Board misunderstood what the argument was, right? Is that what this comes down to? I think in some fundamental sense, probably that's right, Chief Judge Prost. In fairness to the Board, I mean, at A7, for instance, in their opinion, I mean, it's clear that they thought that from, in its claim chart for Claim 6, Petitioner refers to Allen 664 for the entire limitation. So that seems to be the question, right? When the Board evaluated this case, it said, well, we're going to look at Allen for the entire limitation of the computer system, done deal with it, right? Something like that, Chief Judge Prost, and it was wrong in its assessment of the arguments that we were making. If you look at the claim chart— Well, yeah, the claim chart is quite hard to follow, right? So the thing that is—so I don't think it's hard to follow, but the thing that is absolutely clear about the claim chart and about every single argument that was made at every phase along the way is that the combination is what was being argued, not just Allen. And insofar as there was any question about a problem in a computer system, recall that that's a limitation that the Board sort of imported into Step 5. It doesn't actually appear in the claim language of Step 5. That's just Step 1. Step 1 of Claim 6 is detecting a problem in the computer system. And everyone agreed all along that Barnett discloses Steps 1 through 4. Barnett is all about problems in computer systems. That's actually what the title of Barnett means. Right, but we're looking at Step 5. I mean, I thought this case was really about Step 5. Yes, Your Honor, but my point is, insofar as this notion of a problem of a computer system gets imported from Step 1 into Step 5, Barnett's what's doing all of that work. And so Step 5, whether you think of it as having these two elements or also this third element of a computer system, it's predicated upon the combination. No, I understand what you're saying. I guess what I'm focusing on is, in your view of it, the Board clearly misunderstood. I mean, I think the Board's decision is predicated on it looking at Step 5 and says, it talks about a computer system. And if you are putting forth Allen and Allen exclusively for that step, you lose. Right? Is that the way you're reading what the Board concluded? Simply put, Your Honor, yes. I mean, I think that's right, but I think it misunderstood the arguments in that, again, Barnett, which is the base reference here, which everyone agrees discloses sensors for detecting problems in computer systems, is all about computer systems. We don't need Allen, again, to be specifically reiterating problems in computer systems. In order to make Step 5 obvious, we already have Barnett doing that work. What about this supposed concession that was made during the argument? So, I would say a couple of things about that, Chief Judge Prost. First of all, there was no concession at all. And second of all, to the extent it were a concession, it was a very limited one. So, let me explain what I mean by that. The specific question that was asked was, does Allen explicitly disclose operating in a computer system? Now, the candid and correct answer to that was, yes, but it doesn't matter. And it doesn't matter for multiple reasons. First of all, even though Allen didn't use those magic words, there was nothing about it that limited it from operating in a computer system. And indeed, there's evidence that the help desk embodiment is a disclosure of a computer system. But far more importantly, and this gets to the exchange we were having a moment ago, Barnett discloses problems in a computer system. And so, even if... I'm not sure that I agree with you about Step 5 here. It seems to me that it is referring to problems with the computer system. And to the extent that the board construed it that way, that seems to me likely correct. But what you're really saying is that you're relying on, under that construction, Allen for part of Step 5 and Barnett for the other part, and that they should be combined, and that gives you Step 5. And what the board seemed to refuse to do was to consider the combining of Allen and Barnett to achieve Step 5, as though the board was saying that you can't have obviousness unless each single limitation were found in a single piece of prior art. Which isn't correct, right? Judge Dyke, that is a much better way of putting what I was trying to articulate. That's exactly what happened here. But you just told... Going back to that, I guess I'm getting... I'm sympathetic to the board's confusion only because your other argument was not, well, we have to rely on Barnett, but that there's nothing in Allen that precludes use of a computer system. And so, if that was your... Was that your argument, or was that an argument that was fairly construed by the board? It was an argument in the alternative, Your Honor. It was a secondary argument. Well, simply put, Your Honor, and if I have any one regret about the way this case was presented, it's that we tried to take advantage of an embarrassment of riches. Yes, we made an argument in the alternative that Allen also discloses operating in a computer system, or at a minimum isn't foreclosed from doing it. And to the extent the board rejected that, fine. But it rejected or found ways... What was the secondary argument? Barnett is the thing that's all about sensors detecting problems in computer systems, which everyone agreed from the get-go. Did you ask for reconsideration? No, Your Honor. Why not? It seems to me like if the board really misunderstood your argument and went on from there, that that reconsideration is the perfect vehicle to save everybody a lot of time and go back to the board and say, no, you misunderstood our argument. Here's why our argument included Barnett and not just Allen alone, but step five, and so forth. Right? Your Honor, I'm not sure I can speak to the litigation strategy. I would simply note that motions for reconsideration in the board, like in any other tribunal, are generally disfavored and almost always unsuccessful. And certainly there's no obligation to file that kind of a motion. I understand. It's just difficult when you're really honing in on what you contend that the board not correctly concluded. Perhaps that's right, Chief Judge Prost. I guess the only other thing I would say about that is that if you look at the transcript of the oral hearing, which my friend on the other side has emphasized heavily here, it does seem that the board in some sense actually had those arguments and was asking questions about them. I'm not quite sure where the slip was between those discussions of those issues in the oral hearing and the final written decision that was released, but I'm not sure that a motion for reconsideration would have advanced the ball much. Well, if there was a slip in terms of where to continue from the prior argument, the last step in saving the state of the computer system, this is what the board decision turned on, is it not? No, Judge Newman. I would say actually sort of the opposite. The board said Allen doesn't operate in a computer system, and then it separately says Barnett doesn't disclose a circumstance where a likely solution cannot be determined. But the board actually never got to the element of saving a state. Now, we think that there is only one right answer to that element of saving a state, but the board doesn't actually make any finding about that piece of step five. They were relying on the petitioners who provided to them, were they not? Well, sure, Your Honor, and we did so. I mean, the argument there was extensive. We pointed to Allen. We pointed specifically to Column 8, Lines 19 to 40, and Allen, again, is really quite unmistakable about this. Allen says when you can't find a solution, the genius of the invention is you need to save the case template so that the knowledge base is enriched so that it, in the words of Allen's summary, it dynamically learns. It gets better and better and better and is able to solve additional problems in the future, and that's exactly what saving a state is. So to your question, Judge Newman, to the extent the board was relying on the petitioner to put forward that argument, we absolutely did so. The other side makes an argument that that aspect of Allen doesn't amount to saving a state. They make an argument, for instance, that in the operation of Allen, it's the user who's supplying the information rather than the censors that are doing it. Yes, because that seems to be what the board is relying on. I don't think so, Judge Newman. The board really doesn't look at all, anywhere in the final written decision, at this saving a state piece of things. It doesn't look at what it means to save a state. It doesn't talk about whether or not Allen actually saves a state. It focuses on problem in a computer system, and it focuses on when a likely solution cannot be determined, but it never actually gets to this other piece of the analysis. So you're advocating for a rematch? I think that's probably the right answer. Chief Judge Prost, certainly in some circumstances, this court has concluded that there is only one right answer, and so the only thing to do is reverse. But at a minimum, vacate it would be appropriate. If I can reserve the balance of my time. Thank you. Good morning, Your Honors. May it please the court, Tarek Fahmy on behalf of Cloudy. Do you agree that under an obvious misanalysis, it's not necessary to find that each claim limitation appears in a single piece of prior art? Of course. Right. Well, but the board seems to be confused about that, because it seems to say that you can't combine Allen and Barnett to achieve the fifth step of the claim. No, that's not what the board says at all, Your Honor. What did the board say? The board said that EMC completely failed in its proof, Your Honor. EMC's case relied upon Barnett and Allen. What do you mean, completely failed in its proof? What does that mean? EMC admitted, both in its papers and at the hearing, neither of the references teaches the limitation at issue. Correct. And you admitted that there would be motivation to combine the two references. Yes, we didn't argue that there was no motivation to combine. The failure of proof was in their testimony of their expert, Dr. Sasergadi. The expert rendered an opinion that the board found was completely at odds with the teachings of the references themselves, and therefore the board was free to disregard it. It was that expert opinion, nothing in the references, that EMC was looking to in order to supply the disputed claim. I'm not understanding what you're saying, because if there's a motivation to combine Barnett and Allen, that achieves the fifth step here, right? Absolutely not, Your Honor. No? Why not? Because neither reference supplies that step, Your Honor. Well, that seems to be what I was saying was something that's not permissible. You don't have to insist that one reference or the other include all of a single step. You can get the step by combining them. Yes, but the combination here, Your Honor, still left that step absent. And the board recognized this. How did it leave the step absent? Because you did not have anything that would have suggested that when a likely solution to a problem in the computer system cannot be determined, and this is what the board actually found when it examined the petitioner's argument. There's no mystery about what the petitioner's argument was, Your Honor. It's laid out in not even a complete page. Try to address what I'm asking. You admit that you can combine the references. What's missing when you combine the references as the step five? There is nothing that suggests saving the state of the computer system in that combination. But that is not what the board found was missing here. What it said was that what was missing was a situation in which there's no solution. I disagree, Your Honor. Where does it say that the saving the state is missing? Page 15 at the top. Petitioner has not proven by a preponderance of the evidence that the combination of Allen, the likely solution cannot be determined as recited in the claim itself. But that's what I said. No, what you say is that they determined that it didn't disclose saving a state. That's not what it says. They didn't reach that question. Well, that is the balance of the step in the claim. Well, but they didn't address it. I disagree, Your Honor. I think they were simply indicating that the step is not what is found in the combination. Well, suppose we were to disagree with you and say they didn't reach the question of whether Allen disclosed saving the state. Suppose we, as the board, didn't decide that question. Where are we? You should affirm the board, Your Honor. Affirm the board? If the only question is, do Allen and Barnett combine, do step 5, and we put aside saving the state, how is it that they don't perform step 5 in combination? The board has indicated that the combination does not future suggest when a likely solution cannot be determined. But surely Allen teaches that. It deals explicitly with what happens when a likely solution can't be determined. It's not a likely solution to the problem in the computer system, Your Honor. That's the point about combining the references. And that is the point that was missed by petitioners. That is the part of their argument where I think, as I indicated in discussion before, they've asked the board to take a leap. And they failed to provide the proper factual basis for taking that leap. What is the leap? The leap will be that the combination provides for that teaching or suggestion. EMC admitted that its references didn't provide this teaching. And the testimony on which they relied on their expert was found to be unpersuasive. Because it too was unsupported by any proper factual basis. In fact, the opinion that was rendered by the expert was found to be at odds with the very reference itself. And furthermore, when the board went the extra mile and said, let's assume that everything Dr. Sasservati says is correct. And this is their opinion beginning at the bottom of page 13 and carry on to the top of page 14. He's addressing the wrong thing. He's saying that no precise diagnosis would be found. But the claim speaks to a likely solution. And the board found nothing in EMC's case that would allow the leap from not knowing a precise diagnosis to when a likely solution cannot be determined. So this was the problem with their case. Unless you have further questions, I'll rest on the papers. Thank you. I do want to just very briefly address this question of whether it was clear that Barnett operates in a computer system here. And there are multiple places in the record where this argument was made and preserved. The claim chart at appendix 112 and then the discussion of step 5 begins at page 115 is very clear that Barnett and Allen, the combination is being relied on. If you look at the transcript of the oral hearing at page 344 of the appendix, again, there's an exchange with the board. And again, the argument is made very clearly that Judge Dyke is, as you pointed out, Barnett is doing the work of operating in a computer system or dealing with a problem in a computer system in the combination that's at issue here. The only other point I would just briefly make, if there are no questions, is that it is just not right that Dr. Sasserdotti is necessary to the arguments that we made to the board. Certainly, he's supportive of numerous of them. But for all of the things that we've been principally talking about this morning, the references are clear on their face. And Judge Dyke, as you pointed out, we have an absolutely clear and admitted motivation to combine the references here, which is itself not just admitted, again, this morning at page 22 of their brief and in the board, but absolutely clear on the face of Barnett itself, which indicates that additional rules are useful, and from Allen, which explains the problems that exist with rule-based systems and why it's useful to add a case-based system to them. And so with that motivation, the references go together very plainly, and there's no question about the limitations of Step 5 being met. Thank you very much.